## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**ROBERT DEMETRIUS BARNES,**

**Petitioner,**

**v.**                                                    **Case No. 1:14-cv-11923**

**BART MASTERS, Warden,**
**FCI McDowell,**

**Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On March 10, 2014, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner is currently serving a 230-month term of imprisonment, imposed on June 13, 2003 by the United States District Court for the District of Maryland, for aiding and abetting bank robbery and the use of a weapon during a crime of violence. (ECF No. 6, Ex. 1, Decl. of J.R. Johnson, ¶ 9 and Attach. C, Judgment in a Criminal Case No. WMN-

---

[1] This information is taken from Respondent's Response to the undersigned's Order to Show Cause (ECF No. 6) and its attachments.

02-0105).[2] Petitioner has filed this petition for a writ of habeas corpus seeking prior custody credit for the time period between April 25, 2001 and June 12, 2003, when he was in state custody, but had not yet been sentenced by the federal court.  An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On April 25, 2001, Petitioner was arrested for robbery by authorities in Frederick County, Maryland and held in state custody.  (ECF No. 6, Ex. 1, Decl. of J.R. Johnson, ¶ 6).  On May 30, 2001, Petitioner was charged in Baltimore County, Maryland, for robbery with a deadly weapon, first degree assault, and handgun violations that occurred on March 1, 2001.  (*Id.*)  On November 6, 2001, Petitioner was sentenced in the Baltimore County Circuit Court to 14 years of imprisonment for the robbery and weapons charges that occurred on March 1, 2001.   Petitioner received credit toward that sentence beginning on June 13, 2001.  (*Id.*, ¶ 7 and Attach. A, Sentence Information from the State of Maryland).

Petitioner remained in state custody following his April 25, 2001 arrest, but was borrowed by federal authorities on various occasions, pursuant to writs of habeas corpus *ad prosequendum*.  (*Id.*, ¶ 8 and Attach. B, U.S. Marshals Form 129).  According to the docket sheet for Petitioner's federal case, which is available on PACER, Petitioner was initially charged by an Information filed on March 7, 2002.  (Case No. 1:02-cr-00105-WMN-1 (D. Md.), ECF No. 1).  He was subsequently indicted on August 15, 2002.  (*Id.*, ECF No. 19).  On April 17, 2003, Petitioner pled guilty to aiding and abetting bank robbery and use of a weapon, pursuant to a written plea agreement.  (*Id.*, ECF No. 35).

---

[2]  Petitioner was sentenced to 146 months on the bank robbery and aiding and abetting count, followed by a consecutive term of 84 months on the use of a weapon and aiding and abetting count.  (*See* ECF No. 1 at 20, Ex. IX; ECF No. 6 at 2 and Ex. 1, ¶ 9).

On June 13, 2003, Petitioner was sentenced in the United States District Court for the District of Maryland to the 230-month term of imprisonment discussed above. (*Id.*, ¶ 9 and Attach. C, Judgment in a Criminal Case No. WMN-02-0105). Petitioner's federal sentence was ordered to run concurrently with his already imposed state sentence. Petitioner was then returned to state custody. (*Id.*, ¶ 10 and Attach. B). On May 27, 2009, the Federal Bureau of Prisons designated Petitioner's state facility for service of his federal sentence beginning on June 13, 2003. (ECF No. 1 at 22, EX. XI).

On May 3, 2011, Petitioner was released from state custody to the United States Marshals Service in order to be delivered to the Federal Bureau of Prisons to serve the remainder of his federal sentence. (*Id.*, ¶ 11 and Attach. D, Letter to U.S. Marshals Service). A sentence computation was completed, which commenced Petitioner's federal sentence on June 13, 2003, the date it was imposed. Petitioner also received credit toward his federal sentence from April 25, 2001, the date of his arrest, until November 5, 2001, the day before his Maryland state sentence commenced. Petitioner's current release date is September 16, 2019.

Petitioner's section 2241 petition contains the following four grounds for relief:

1.    BOP's calculation of Petitioner's pre-sentence custody credits (April 25, 2001 thru June 13, 2003) fail[s] to account for the court's order that Petitioner's federal and state sentence run concurrent.

      The determination of the sentences both Federal & State be run concurrent was decided and stated by district court Judge William M. Nickerson [See Sentencing Transcripts page 13, line(s) 20-22] "Those two sentences, however, to run concurrently with the sentence now being served in the state system." [See Judgment in a Criminal Case page 2] & [See Nunc Pro Tunc Order in prison file]

2.    BOP fails to correct the miscalculation of Petitioner's pre-sentence custody credits (April 25, 2001 thru June 13, 2003) as directed in prison file(s) including Sentencing Transcripts under Program Statement 5800.11

Petitioner was sentenced under statute 5G1.3(c)[3] wherein the district court Judge William M. Nickerson determined the Federal & State sentence(s) run concurrent without objection by the U.S. Attorney General, where in the BOP [is] "bound" by the statement/directive set by Petitioner's sentencing judge.

3.   BOP refuses to grant prior custody credit when Petitioner's Federal & State sentences run concurrent and Federal sentence full term release date is greater than the state sentence full term release date.

Wherein the Petitioner's state sentence of a maximum fourteen (14) years is inferior to the present Federal sentence of a maximum nineteen (19) years & one (1) month.  The application of -1502 total diminution of confinement credits according with provision of the Correctional Services Articles Title 3, Subtitle 7 and Title 11 (annotated Code of Maryland), did not benefit Petitioner due to Federal detainer [See Mandatory Supervision Release Certificate No. 0411015638 – State of Maryland.]

4.   BOP is indifferent to approx. eighteen (18) months prior custody credits from November 6, 2001 thru June 13, 2003, when under *Willis* credit toward state sentence in Petitioner's case.

The state case was a related case to the current Federal offense see PSI # 78 – Case # -1CR2280.  Petitioner's state and federal sentences are ran [sic; run] concurrently; and the federal sentence full term release date is greater than the state sentence full term release date. BOP's present indifference forces the Petitioner to serve 95% of the nineteen (19) years & one (1) month sentence from the date of arrest.

(ECF NO. 1 at 6-8).   As demonstrated by the attachments to his petition, Petitioner

exhausted the Federal Bureau of Prisons' administrative remedies concerning his claims.

On October 17, 2014, the undersigned issued an Order to Show Cause (ECF No. 3)

directing Respondent to file a response to Petitioner's section 2241 petition.   On

November 14, 2014, Respondent filed a Response to Order to Show Cause asserting that

---

[3]  The undersigned believes that Petitioner is referring to section 5G1.3(c) of the United States Sentencing Guidelines which permits a district court to impose a sentence concurrent to another undischarged sentence "to achieve a reasonable punishment for the instant offense."   UNITED STATES SENTENCING GUIDELINES § 5G.13(c).

Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 6).

## ANALYSIS

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).     Respondent's Response to the Order to Show Cause asserts that Petitioner's federal sentence commenced on June 13, 2003, the day such sentence was imposed and that "[a]ny contention that Petitioner's federal sentence commenced earlier is without merit." (ECF No. 6 at 3). The Response further states:

> Fundamental in this statutory language is the term "received in custody," which determines the commencement of a federal sentence term. Under such circumstances, the concept of primary jurisdiction applies. Primary jurisdiction was explained in *United States v. Smith*:
>
> > In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that **the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him**, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .
>
> *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) (citing *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980) ("Primary jurisdiction remains vested in the state which first

arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence.")))

(*Id.* at 4).  Respondent asserts that the State of Maryland gained primary jurisdiction over Petitioner when they arrested him on April 25, 2001, and did not relinquish that primary jurisdiction until Petitioner completed his state term of imprisonment on May 3, 2011. (*Id.* at 4-5).

Section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time.  Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).  (ECF No. 6 at 6).  Therefore, normally a prisoner could not receive credit toward his federal sentence for the time credited to his state sentence.

Under certain circumstances, however, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commences while the prisoner is in state custody.  *See United States v. Evans*, 159 F.3d 908, 911-912 (4th Cir. 1998) (a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons (BOP) agree to designate the state facility for service of that federal sentence.")   This process is known as a "*nunc pro tunc* designation." Petitioner received such a designation on May 27, 2009, when the BOP designated Petitioner's state facility for service of his federal sentence beginning on June 13, 2003.

(*See* ECF No. 1 at 22, Ex. XI).  Consequently, as noted by Respondent, Petitioner's federal sentence commenced on the earliest possible date, June 13, 2003 (the date it was imposed).

Furthermore, the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) provides another limited exception to the prior custody credit rule.  When state and federal sentences are run concurrently, but crediting only the state sentence does not provide any benefit to the prisoner, the prisoner can receive double custody credit.  In the instant case, Petitioner properly received 195 days of additional credit to his federal sentence for the time period between his arrest on April 25, 2001 and November 5, 2001, the day before his state sentence commenced.  On the other hand, under section 3585(b), Petitioner is not entitled to credit for the time period between November 6, 2001 and June 13, 2003, which was credited toward his state sentence and occurred prior to his federal sentencing.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition and dismiss this civil action from the docket of the court.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and

Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, <u>who is now in custody at FCI Pollock in Pollock, Louisiana</u>, and to transmit a copy to counsel of record.

<u>October 12, 2016</u>

Dwane L. Tinsley
United States Magistrate Judge