IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT DEMETRIUS BARNES,

     Petitioner,

v.                    CIVIL ACTION NO. 1:14-11923

BART MASTERS, Warden,
FCI McDowell,

     Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 12, 2016.  In his PF&R, Magistrate Judge Tinsley recommended that the District Court deny Petitioner's 28 U.S.C. § 2241 petition, and that this action be removed from the docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's

right to a de novo review by this court.  Snyder v. Ridenour,
889 F.2d 1363 (4th Cir. 1989).

Petitioner mailed his Objections to the PF&R on October
27, 2016.  This was timely.  Petitioner raises one objection: he
argues that Magistrate Judge Tinsley's PF&R ignores that "the
district court had authority under U.S.S.G. 5G1.3(c) to 'correct
the disparity that resulted from the happenstance of the dates
of the federal and state sentencing proceedings' by sentencing
[Petitioner] to 230 months, less the approximately 25 months
Petitioner spent in state custody, to reach an adjusted sentence
of 205 months, which would then be served concurrently with the
[remainder] of the state sentence."  Doc. No. 12 (quoting Rios
v. Wiley, 201 F.3d 257, 267 (3rd Cir. 2000)) (footnote adjusted).

Magistrate Judge Tinsley properly recognized that under
Willis v. United States, 438 F.2d 923 (5th Cir. 1971),
"Petitioner properly received 195 days of additional credit to
his federal sentence for the time period between his arrest on
April 25, 2001 and November 5, 2001, the day before his state
sentence commenced."  Doc. No. 11.  Just as accurately
Magistrate Judge Tinsley also noted that "under [18 U.S.C. §
3585(b)], Petitioner is not entitled to credit for the time
period between November 6, 2001 and June 13, 2003, which was
credited toward his state sentence and occurred prior to his

federal sentencing." Id. (emphasis added).  Section 3585(b)
allows the crediting for time period a prisoner has spent in
detention but only if "that [time] has not been credited against
another sentence."  Importantly for this case, "prior custody
credit cannot be granted if the prisoner has received credit
toward another sentence." Doc. No. 11.  Since § 3585(b) takes
discretion out of the hands of the district court, that is the
end of the inquiry.  The court, consequently, need not determine
what Judge Nickerson stated or intended.  See Ramirez v.
Mansukhani, 619 Fed. Appx. 237, 237 (4th Cir. 2015).

Petitioner also claims that Judge Nickerson of the
District of Maryland intended for Petitioner to receive credit
for the time he served between November 6, 2001 and June 13,
2003.  See Doc. No. 11.  Whether the Judge did so is beside the
point because § 3585(b) governs the situation.  Even a judicial
assertion, which Petitioner understands Judge Nickerson to have
made, cannot supersede the effect that an Act of Congress will
have in a situation, for the simple reason that everything from
the federal courts' ability to hear a dispute to the substantive
law and the procedural rules that will govern that adjudicative
function are decided not by judges but by statute and the
Constitution (in that increasing order of importance).  See
Bowles v. Russell, 551 U.S. 205, 212—13 (2007) ("Within

3

constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider.  Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

While this is not exactly a case about time limits going to the court's jurisdiction to adjudicate a case, the United States Supreme Court's lesson in Bowles still is pertinent.  The narrower point is that even when a party acts "in reliance upon a District Court's order" that lies forbidden and outside the scope of what Congress, by statute, has allowed, a federal court is powerless to help the reliant party.  Id. at 206—07.  The broader point is that "[i]f rigorous" or, for that matter, relaxed "rules like the one applied today are thought to be inequitable," then it must be "Congress [which] authorize[s] courts to promulgate rules that excuse compliance with the statutory [requirements]."  Id. at 214.  Of their own volition, disguised as discretion, federal judges cannot arrogate to themselves that power which Congress is both constitutionally entitled to and has elected to keep for itself.  To be sure, "[e]ven narrow rules to this effect would give rise to litigation testing their reach and would no doubt detract from the clarity of the rule."  Id.  That said, "[h]owever,

4

congressionally authorized rulemaking would likely lead to less litigation than court-created exceptions without authorization." Id. at 214—15.  In any event, "[p]ublic policy concerns, however grave, do not deputize th[e] court[s]"—state or federal—"to ignore the terms of a statute and act legislatively."  Schroeder Invs., L.C. v. Edwards, 2013 UT 25, ¶ 25 (2013) (Lee, J.).  This is because "[w]e are bound by the policy judgments of the legislature—even if we fundamentally disagree with them."  Id. Consequently, Petitioner's objection is without merit.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley as well as Petitioner's Objections, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and **DIRECTS** the Clerk to remove this action from the active docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

5

that any dispositive procedural ruling is likewise debatable.
Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v.
McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,
683—84 (4th Cir. 2001).  The court concludes that the governing
standard is not satisfied in this instance.  Accordingly, the
court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this
Memorandum Opinion and Order to Petitioner and counsel of
record.

**IT IS SO ORDERED** this 7th day of December, 2016.

ENTER:

David A. Faber
Senior United States District Judge